IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

A. MINER CONTRACTING INCORPORATED,

    Plaintiff,

v.                                                    NO. CV-10-08083-PCT-JRG

DANA KEPNER COMPANY INCORPORATED, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the Motion by the defendant, Dana Kepner Company, Inc. ("Kepner") to Strike Disclosure of Scott Johnson [Docket 65]. For the reasons discussed below, this Motion is **DENIED**.

**I.    Background**

This case involves a dispute over allegedly defective construction materials that the defendant Kepner provided the plaintiff, A. Miner Contracting, Inc. ("A. Miner") for the plaintiff's construction project in Prescott, Arizona. The plaintiff alleges that it relied on the Kepner's representation that the materials were suitable for the project. The materials were defective, however, and, as a result, the plaintiff incurred substantial repair costs on its construction project. (Am. Compl. [Docket 37], at ¶¶ 11-18.)

On April 29, 2010, the plaintiff filed a complaint in the Superior Court of Arizona, County of Yavapai, asserting against the defendants various state law claims for breach of contract, breach

of warranty, breach of covenant of good faith and fair dealing, and misrepresentation. On May 24, 2010, the defendants filed to remove the action to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

The instant dispute involves the timeliness of the plaintiff's expert witness disclosures. Pursuant to the court's Scheduling Order, the deadline for the plaintiff's Fed. R. Civ. P. 26(a)(2)(A) expert disclosures was April 29, 2011 and the deadline for the defendants' disclosures was May 17, 2011. On May 6, 2011 the plaintiff disclosed two experts, John Jozwick and Scott Johnson. The plaintiff failed to provide the expert reports as required by Fed. R. Civ. P. 26(a)(2)(B). On May 16, 2011, the plaintiff produced Mr. Jozwick's expert report. On May 17, 2011, counsel for Kepner notified plaintiff's counsel that he would move to strike disclosure of Mr. Johnson if his expert report was not received by May 20, 2011. On May 27, 2011, nearly one month after this court's deadline, the plaintiff submitted Mr. Johnson's expert report.

There is a dispute, as reflected by correspondence in the record between counsel, regarding the existence of an agreement between the parties to extend the parties' expert disclosure deadlines. The plaintiff claims that counsel for Kepner agreed to a thirty-day extension for disclosing Mr. Johnson's report during a May 20, 2011 phone conversation, however, Kepner's counsel denies that any such agreement was reached. On May 24, 2011, the defendant Kepner filed the instant Motion to Strike the Disclosure of Scott Johnson [Docket 65] as well as a Motion to Amend Scheduling Order [Docket 66]. The Motion to Amend represented that the plaintiff consented to Kepner's request for additional time to disclose its expert witnesses. The court granted the Motion and extended Kepner's expert disclosure deadline until "the date falling 30 days earlier of : (1) the date on which this Court rules on Dana Kepner's Motion to Strike Johnson or (2) the date A. Miner

voluntarily withdraws the disclosure of Johnson." (Ord. [Docket 67].) The Motion to Strike is now ripe for review.

## II.     Legal Standard for a Motion to Strike

Federal Rule of Civil Procedure 26(a)(2) provides that "a party must disclose to the other parties the identity of any [expert] witness it may use at trial," and "this disclosure must be accompanied by a written report." Further, parties must disclose expert testimony "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). The disclosure requirements of Rule 26(a)(2) are enforceable under Fed. R. Civ. P. 37(c)(1), which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure is *substantially justified or harmless*." Fed. R. Civ. P 37(c)(1) (emphasis added). Rule 37(c)(1) also provides additional sanctions that a court may impose on a party "in addition to or instead of" striking the witness. Fed. R. Civ. P 37(c)(1)(A)-(C). The 1993 Advisory Committee Notes to Rule 37 state that sanctions under Rule 37(c)(1) are "automatic", and provide "strong inducement for disclosure of material." Fed. R. Civ. P. 37 advisory committee's note (1993)

The Ninth Circuit Court of Appeals has stated that a district court has broad sanctioning power under Rule 37(c)(1). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). As the rule provides, however, sanctions will not be imposed if the failure to disclose was substantially justified or harmless. Fed. R. Civ. P 37(c)(1). "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." *Yeti by Molly, Ltd.*, 259 F.3d at 1106.

**III.    Analysis**

Pursuant to this Court's Scheduling order, the deadline for the plaintiff's expert disclosure was April 29, 2011. The plaintiff did not request any extension of the disclosure deadline from this court and the plaintiff did not submit Mr. Johnson's report until May 27, 2011, nearly a month late. The defendant Kepner has moved to strike Mr. Johnson's report based on this tardy disclosure. Kepner argues that the plaintiff's untimely disclosure has caused it to incur expenses in moving to amend the deadline for its own disclosures and that this tardy disclosure will necessitate scheduling adjustments and legal expenses. (Def.'s Reply Supp. Mot. Strike [Docket 74], at 5-6.) In response, the plaintiff argues that Kepner was not harmed by the untimely disclosure, particularly as the plaintiff agreed to extend Kepner's disclosure deadline. (Pl.'s Resp. Mot. Strike [Docket 71], at 4-5.) The plaintiff further argues that, because of this extension and the fact that a trial date has not been set, Kepner has ample time to conduct necessary depositions and thus will not be harmed by the late disclosure. (Id., at 5.)

In order to avoid sanctions under Rule 37(c)(1) the party seeking to disclose evidence after the scheduled deadline must show either substantial justification or that the delay was harmless. *Yeti by Molly, Ltd.*, 259 F.3d at 1106. In arguing that the delay was "justified", the plaintiff asserts that counsel for both parties agreed to an extension of the plaintiff's deadline during a May 20, 2011 conversation and, in exchange, the plaintiff would not oppose Kepner's request for an extension of its expert disclosures. The plaintiff further asserts that it was "working diligently with both retained experts" at the time of the disclosure deadline on April 29, 2011. (Pl's Resp. Def.'s Mot. Strike, at 2.) As previously discussed, there is a dispute in the record as to the terms, and even the existence

of any "agreement" between counsel regarding the plaintiff's expert disclosure deadlines and the court will not endeavor to interpret or enforce agreements that are not disclosed to the court.[1]  Thus, the plaintiff's arguments as to its justification for the untimely disclosure are not persuasive.  The plaintiff, however, also asserts that the delay was harmless, because Kepner has ample time to disclose its experts, depose Mr. Johnson, and otherwise prepare for trial.  The plaintiff relies on the fact that a trial date has not been set and that discovery is still ongoing.  Although the plaintiff failed to disclose its expert's report in accord with this Court's Scheduling order, I **FIND** that Kepner has not suffered harm as a result of the untimely disclosure.  Accordingly, the defendant's Motion to Strike Disclosure of Scott Johnson is **DENIED**.

The court notes, however, that the plaintiff's untimely disclosure has resulted in delays in the discovery process as well as additional expense for the defendant Kepner in pursuing the instant Motion to Strike.  To ensure that the defendant is not prejudiced by the plaintiff's untimely disclosure of Mr. Johnson's report, the court **ORDERS**, pursuant to Fed. R. Civ. P. 37(c)(1)(C), that the plaintiff make Mr. Johnson available for a deposition at the plaintiff's expense.  The court further **ORDERS** that, pursuant to Rule 37(c)(1)(A) of the Federal Rules of Civil Procedure, the plaintiff pay the defendant's "reasonable expenses, including attorney's fees," incurred as a result of the untimely disclosure of Mr. Johnson's report, including the costs and expenses incurred in pursuing the instant Motion.

---

[1] The court does note, however, that there is ample evidence of conversations between counsel regarding the expert disclosures and the plaintiff's consent to extending the defendant's expert disclosures might suggest that the parties reached some type of agreement extending these deadlines.  Nevertheless, as the plaintiff failed to request an extension from the court or memorialize any agreement in writing, the court makes no further inquiry into any alleged agreement.

The record in this case makes clear to the court the parties should show greater regard for the Local Rules of Civil Procedure and the court expects that the parties will treat this court's Orders as having the full force of law, which of course they do. If subsequent sanctions for non-compliance with the Federal Rules, the Local Rules, or this court's Orders are warranted, they may be severe.

## IV. Conclusions

For the foregoing reasons, the defendant's Motion to Strike Disclosure of Scott Johnson [Docket 65] is **DENIED**. The court **ORDERS**, pursuant to Fed. R. Civ. P. 37(c)(1)(C), that the plaintiff make Mr. Johnson available for a deposition at the plaintiff's expense. The court further **ORDERS** that, pursuant to Rule 37(c)(1)(A) of the Federal Rules of Civil Procedure, the plaintiff pay the defendant's "reasonable expenses, including attorney's fees," incurred as a result of the untimely disclosure of Mr. Johnson's report.

ENTER: July 5, 2011

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge